IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOUNG ELECTRIC SIGN COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER TO REMAND** <br><br> Case No. 2:13-CV-120 DN <br><br> District Judge David Nuffer |

Plaintiff has filed a Motion to Remand[1] seeking an order remanding this proceeding to state court. Having considered the submissions of both parties, the court concludes that the motion should be granted and the case should be remanded because this court lacks subject matter jurisdiction.

## BACKGROUND

Plaintiff Young Electric Sign Company, Inc. (YESCO) filed suit in the Third Judicial District Court for Salt Lake County in the State of Utah against Defendant Hartford Casualty Insurance Company (Hartford) on January 10, 2103. YESCO alleged a failure to defend and indemnify YESCO under a commercial general liability insurance policy in a suit filed in Maricopa County, Arizona by Liberty Mutual Insurance Company, a subrogee insurer, for wind damage to a McDonald's sign maintained by YESCO.[2] On February 15, 2013, Hartford filed a Notice of Removal based on diversity of citizenship pursuant to 28 U.S.C. § 1441.

---

[1] YESCO's Motion to Remand, docket no. 6, filed Mar. 19, 2013.

[2] Notice of Removal to U.S. District Court, docket no. 2, filed Feb. 15, 2013.

At issue is whether there exists an amount in controversy exceeding the $75,000 minimum required by 28 U.S.C. § 1332(a). In its Notice of Removal, Hartford claims that the amount in controversy is over $300,000 because YESCO stated in its Complaint that "[t]his is a 'Tier 3' case for purposes of discovery pursuant to Utah Rule of Civil Procedure 26(c)(3)."[3] Under the Utah discovery rules, "[a]ctions claiming $300,000 or more in damages" qualify for Tier 3 discovery.[4] YESCO's complaint asks for "damages in the amount of $33,659.08, representing the attorney fees and settlement cost of the Liberty Mutual Lawsuit."[5] YESCO also seeks attorneys' fees and costs incurred in this litigation as well as punitive damages and interest.[6]

## ANALYSIS

In this case, the question is whether YESCO's plead damages constitute the amount in controversy, or if its discovery-tier designation can be read in place of its listed damages as asserted by Hartford in its Notice of Removal.[7] Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[8] However, "the notice of removal may assert the amount in controversy if the initial pleading seeks— (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."[9]

YESCO's complaint clearly does not seek nonmonetary relief, and there is no evidence of a practice of the State of Utah that does not permit demand for a specific sum or would grant

---

[3] Complaint, ¶ 4, docket no. 2-1, filed Feb. 15, 2013, *see* Notice of Removal ¶ 8.

[4] Utah R. Civ. P. 26(c)(3).

[5] Complaint ¶ A.

[6] *Id.* at 10.

[7] Notice of Removal.

[8] 28 U.S.C. § 1446(c)(2).

[9] 28 U.S.C. § 1446(c)(2)(A)–(A)(ii).

2

YESCO damages in excess of what it has requested.  YESCO's complaint does leave several demands for relief open for necessary future determination including attorneys' fees, interest, and punitive damages.[10]  This does not evidence a state practice that would grant YESCO damages in excess of these requests; it simply leaves the exact amounts of these requests to be determined at trial and after judgment.

Given that YESCO's complaint requests both specific and unspecific money damages, Hartford bears the burden to demonstrate the jurisdictional prerequisite of the amount in controversy is satisfied by "'affirmatively establish[ing]' in the petition that the amount in controversy exceeds the statutory requirement."[11]  Hartford must affirmatively establish jurisdiction by proving judicial facts beyond a preponderance of the evidence that made it possible that $75,000 was in play.[12]  "[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy-either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward."[13]

It is clear that YESCO's pleadings reflect an amount in controversy of $33,659.08, plus additional fees, costs, and punitive damages to be determined in the future.  Hartford relies on YESCO's discovery tier designation which requires that $300,000 be at controversy among all the parties to assert that the amount in controversy therefore must be greater than $75,000.

Furthermore, YESCO argues that the discovery-tier designation is not reflective of their own claim for relief, but a guess at all of the potential damages that may be claimed by all of the

---

[10] Complaint at 10.

[11] *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (*citing Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

[12] *See Id.*

[13] *Id.* (*citing Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

parties that may be included in the action, including adverse parties.[14]  The plaintiff is forced to guess at the amount of damages that all involved parties will claim because "the total amount of damages that all parties, including adverse parties, will claim in their original pleadings is unknown when the plaintiff files the complaint."[15]  Damages in Utah's tiered discovery designations are defined as follows: "For purposes of determining standard discovery, the amount of damages includes the total of all monetary damages sought (without duplication for alternative theories) by all parties in all claims for relief in the original pleadings."[16]

Hartford not only seeks to replace YESCO's claim for relief with a claim for a discovery system, it seeks to replace the damages claim with a discovery system built upon total damages to be sought by all parties, not just the plaintiff.  Regardless of YESCO's claim to a state discovery system or whether that classification is properly claimed under the rules of the State of Utah, YESCO has plead damages that fall short of the amount in controversy required by 28 U.S.C. § 1332(a).

Because federal jurisdiction is improper, this court does not address the issues of state issues of first impression, nor the admissibility or value of Hartford's evidence of settlement negotiations.

---

[14] YESCO's Memorandum in Support of Motion to Remand at 7, filed Mar. 19, 2013.

[15] *Id.*

[16] Utah R. Civ. P. 26(c)(4).

## ORDER

IT IS HEREBY ORDERED that YESCO's Motion to Remand[17] is GRANTED.

Signed May 23, 2013.

BY THE COURT

District Judge David Nuffer

---

[17] YESCO's Motion to Remand, docket no. 6, filed Mar. 19, 2013.